IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY DAVALOS, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-1132
:
v. : Hon. John E. Jones III
:
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, *et al.*, :
:
    Respondents :

## MEMORANDUM

November 18, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On June 14, 2011, Petitioner Anthony Davalos ("Petitioner" or "Davalos"), who presently is confined at the State Correctional Institution Coal Township ("SCI Coal Township") in Coal Township, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) The Petition alleges that Respondent the Pennsylvania Board of Probation and Parole ("the Board") is violating Davalos' constitutional rights by refusing to release him to authorities in New Jersey, where a detainer had been issued for his arrest.

By Order dated June 30, 2011, service of the Petition was directed on the Board and the Attorney General of the Commonwealth of Pennsylvania, and Respondents were directed to answer the Petition within twenty-one (21) days. (Doc. 5.) On July 21, 2011, counsel for the Board filed a Motion on behalf of Respondents requesting a thirty (30) day extension of time to answer the Petition in light of the fact that Respondents were exploring ways to resolve the issue raised by Davalos in his Petition without expending additional judicial resources. (Doc. 8.) By Order dated July 22, we granted the Motion, and directed the filing of an answer on or before August 22, 2011. (Doc. 9.)

On August 22, 2011, counsel for the Board filed a Motion requesting a second thirty (30) day extension to file an answer in light of the fact that, on August 3, 2011, Davalos had been released to New Jersey and subsequently released on bail, but was re-arrested on August 8, 2011 for new parole violations. (Doc. 10.) Because counsel for the Board had not yet had an opportunity to speak to Davalos' counsel for his parole violation proceedings or to obtain the new parole violation information, he requested an additional thirty (30) days to answer the Petition. (*Id.*) By Order dated August 25, 2011, we granted the Motion, and directed the filing of an answer to the Petition on or before September 21, 2011. (Doc. 11) In our Order, we specifically directed Respondents to address why the Petition would not be moot where Davalos

claimed in his Petition that Respondents were unlawfully interfering with his constitutional rights by allegedly holding him on probation violation charges that had been dismissed and refusing to release him to New Jersey authorities on the detainer issued against him in that state, and Davalos had in fact been released to New Jersey authorities on that detainer on August 3, 2011. (*See id.* at 3.)

On September 21, 2011, counsel for the Board filed an Answer (Doc. 13) and Memorandum of Law (Doc. 14) responding to the Petition on behalf of Respondents. Respondents also filed the Declaration of Ryan Davis, an employee of the Board who currently holds the position of Parole Supervisor for the Northeast Division in Philadelphia (Doc. 13-1), and supporting exhibits (Doc. 13-2). On September 28, 2011, Respondents filed a Supplemental Attachment consisting of the transcript of Davalos' parole violation hearing, which was conducted by the Board on September 2, 2011. (Doc. 15.) On October 3, 2011, Davalos filed a petition requesting that this Court conduct an evidentiary hearing. (Doc. 18.) On October 24, 2011, he filed his Reply to Respondents' Answer to the Petition. (Doc. 19.) Accordingly, the Petition is fully briefed and ripe for disposition. For the reasons set forth herein, the Petition will be dismissed as moot.

I. **FACTUAL BACKGROUND**

Davalos currently is serving a five (5) to ten (10) year sentence imposed by the

Court of Common Pleas of Philadelphia County, Pennsylvania in 2003 for two (2) counts of Manufacture/Sale/Deliver or Possession with Intent to Deliver a Controlled Substance and two (2) counts of Criminal Conspiracy - Manufacture/Sale/Deliver or Possession with Intent to Deliver a Controlled Substance. (Doc. 13-2 at 1-4, Sentence Status Summary.) This is the sentence by which the Board has jurisdiction over Davalos. (*Id.*) The minimum and maximum dates for this sentence are October 5, 2008 and October 5, 2013. (*Id.* at 1.) The Board paroled Davalos from this sentence on October 28, 2008. (*Id.* at 5, Order to Release on Parole/Reparole.)

On September 8, 2009, grand jurors for the County of Burlington in the State of New Jersey indicted Davalos at Docket Number 2009-09-0876-I for new criminal charges that occurred on March 13, 2009. (Doc. 13-2 at 6-9, 9/8/09 Indictment.) The New Jersey criminal charges were for Burglary, Criminal Mischief, and Conspiracy - Burglary. (*Id.*)

On May 21, 2010, Philadelphia Police arrested Davalos for new criminal charges that were docketed in the Court of Common Pleas of Philadelphia County at Docket Number CP-51-CR-0008016-2010. (Doc. 13-2 at 10-14, Copy of Docket No. CP-51-CR-0008016-2010.) The Pennsylvania criminal charges were for Manufacture/Sale/Deliver or Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled Substance, and Use/Possession of Drug

Paraphernalia. (*Id.*)

Also on May 21, 2010, the Board lodged its detainer against Davalos for the new criminal charges and technical parole violations. (*Id.* at 15, 5/21/10 Board Detainer.) The Board subsequently chose not to recommit Davalos for any new technical parole violations, but did choose to detain him pending disposition both of his New Jersey charges at Docket Number 2009-09-0876-I and Pennsylvania charges at Docket Number CP-51-CR-0008016-2010. (Doc. 13-1 at 3, Davis Decl., ¶ 15.) On March 7, 2011, the Pennsylvania charges were nolle prossed. (*See* Doc. 13-2 at 14.) However, Davalos remained incarcerated on the Board detainer due to his pending criminal charges in the State of New Jersey. (Doc. 13-1 at 4, Davis Decl., ¶ 17.)

By Order dated July 13, 2011, the Court of Common Pleas of Northumberland County, Pennsylvania, denied Davalos' petition for writ of habeas corpus that was filed prior to his filing of the instant Petition. (*See* Doc. 13-2 at 25, 7/13/11 Order.) A copy of the petition, dated June 2, 2011, is attached to the Petition filed here on June 14, 2011. (*See* Doc. 1-1.) A search of the Pennsylvania Superior Court Docket Sheets reveals that Davalos did not appeal the denial of his state petition for writ of habeas corpus to the Pennsylvania Superior Court.[1]

---

[1] *See* Pennsylvania's Unified Judicial System Webportal, Appellate Courts Docket Sheets, available at http://ujsportal.pacourts.us/docketsheets/appellate.aspx

On July 19, 2011, the Board lifted its detainer against Davalos to allow him to be transferred to the State of New Jersey. (Doc. 13-1 at 4, Davis Decl., ¶ 18.[2]) On August 3, 2011, New Jersey authorities took custody of Davalos. (*Id.* ¶ 19.) New Jersey authorities subsequently released Davalos on bail on or about August 5, 2011. (*Id.* ¶ 20.)

On August 8, 2011, Davalos reported to his assigned parole office in Pennsylvania at which time he submitted a urine sample that State Parole Agent Crews observed to be positive for cocaine. (*Id.* ¶ 21; Doc. 13-2 at 18, 9/2/11 Board Hr'g Report.) The Board took Davalos into custody on that date and subsequently charged him with violating condition #5A (use of drugs) of his parole. (Doc. 13-1 at 4, Davis Decl., ¶¶ 23, 24.) At Davalos' parole violation hearing on September 2, 2011, Agent Crews testified that, upon further questioning about his drug use, Davalos first denied that he had used drugs. (*See* Doc. 13-2, 9/2/11 Board Hr'g Report, at 18.) Crews testified that, when she questioned Davalos several more times, he continued to deny drug use. (*See id.*) However, Crews testified that Davalos then admitted that he had used "a line of coke because he was having problems." (*See id.*; Doc. 15-1 at 12, Tr. 9/2/11 Board Hearing.) On cross-examination, Agent Crews

---

[2] Davis' Declaration contains a typographical error in stating the date of the lifting of the detainer as "July 19, 2009"; it is apparent from the overall timeline of events that the correct date is July 19, 2011, and the date is stated as such in the Board's Memorandum of Law (*see* Doc. 14 at 3).

testified that when Davalos had provided her with the sample cup, she observed that the test read that the sample was valid and that there was a positive reaction for cocaine. (Doc. 13-2 at 18, 9/2/11 Board Hearing Report.) However, she stated that, when a sample tests positive, or if a parolee admits to usage, the sample is sent to the lab for further testing. (Doc. 15-1, 9/2/11 Tr., at 14.) Crews testified that the result from the lab indicated that the sample was negative for cocaine. (*Id.*)

Following the hearing, in a decision mailed on September 16, 2011, the Board recommitted Davalos as a technical parole violator to serve six (6) months for violating condition #5A (use of drugs) of his parole. (Doc. 13-2 at 23, 9/16/11 Notice of Board Decision.) Accordingly, Davalos currently is confined at SCI Coal Township as a parole violator. (Doc. 13-1 at 5, Davis Decl., ¶ 28.) Davalos' criminal charges in the State of New Jersey remain pending. (*Id.* ¶ 29.)

## II. DISCUSSION

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,*

494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.*; *Carafas v. LaVallee,* 391 U.S. 234 (1968). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998). Thus, even where a petitioner has been released on parole, where his habeas petition challenged the validity of his conviction, his challenge would continue to satisfy the case or controversy

requirement inasmuch as the restrictions imposed by the terms of parole would constitute a concrete injury.

However, in the instant Petition, Davalos was *not* challenging the validity of his underlying 2003 Philadelphia County conviction for which he was sentenced to five (5) to ten (10) years and was released on parole on October 28, 2008, and pursuant to which the Board has jurisdiction over him. Rather, he was challenging the Board's authority to detain him where the Board had chosen not to recommit him for technical parole violations based upon his new criminal charges in New Jersey in 2009 and in Philadelphia in 2010, and where the Philadelphia County charges had been dismissed, and thus he contended that the only cause of his detention was the New Jersey detainer. Davalos therefore was requesting that this Court direct his release by the Board to New Jersey authorities to answer to the detainer pending against him there. Davalos obtained the relief he requested on July 19, 2011 when the Board lifted its detainer against him to allow him to be transferred to New Jersey, and he was in fact transferred to the authorities there on August 3, 2011. Where it is apparent that Davalos obtained the relief he sought, his Petition is moot.

In his Reply, Davalos argues that his Petition is not moot because he again is in the custody of the Board, and he claims that he is in custody for the same reason that he filed his Petition, namely because of the pending criminal charges in New Jersey. (*See*

9

Doc. 19, Reply, at 1, 2, 3.) He asserts that his current incarceration is a "collateral effect" of the confinement he was challenging at the time he filed the Petition because he identifies the cause of his current incarceration as "retaliation" by the Board. (*See id.* at 3 ¶ B.) Davalos' current confinement cannot be viewed as a "collateral effect" of his confinement at the time he filed his Petition. Although the basis for the Board's jurisdiction over him has remained the same in that they continuously have maintained jurisdiction over Davalos pursuant to his 2003 Philadelphia County sentence since his release on parole on October 28, 2008, the basis for the Board's detention of him at the time of filing the Petition differs from the basis for his present detention. Specifically, at the time he filed the instant Petition, Davalos was incarcerated on the Board's detainer due to his pending criminal charges in the State of New Jersey. (*See* Doc. 13-1 at 4, Davis Decl., ¶ 17.) Presently, Davalos is incarcerated based upon the Board's issuance of a decision following its September 2, 2011 parole violation hearing to recommit him as a technical parole violator. (*See id.* ¶ 28.) Moreover, as pointed out by Respondents, because Davalos now is a recommitted parole violator, as opposed to a parole violation detainee, he now is eligible for transfer to New Jersey for disposition of the outstanding criminal charges there based on the Interstate Agreement on Detainers. (*See* Doc. 14 at 10 (citing 42 Pa. Cons. Stat. Ann. § 9101; *United States v. Dobson*, 585 F.2d 55 (3d Cir. 1978).)

Because the instant Petition challenged the Board's authority to hold Davalos based solely upon the existence of the New Jersey detainer, and sought his release to the New Jersey detainer, and Davalos has obtained that relief in that he was in fact released to New Jersey authorities pursuant to the detainer, the Petition is moot, and therefore will be dismissed.[3]

In light of our disposition of the Petition, Davalos' Petition for Evidentiary Hearing (Doc. 18), in which he requests that this Court conduct a hearing regarding the circumstances surrounding his present confinement, will be denied. We also will deny a certificate of appealability based on the reasoning in this Memorandum. However, Davalos is advised that he has the right for thirty (30) days to appeal our order denying his Petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22. An appropriate Order will enter on today's date.

---

[3]To the extent that Davalos wishes to challenge his current confinement based upon the Board's determination that he is a technical parole violator, he would need to file a new petition for writ of habeas corpus after exhausting his state court remedies as he is required to do before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). In Pennsylvania, a state inmate may appeal an adverse decision by the Pennsylvania Board of Probation and Parole to the Commonwealth Court. *See Williams v. Wynder*, 232 Fed. Appx. 177, 178 (3d Cir. 2007). If the Commonwealth Court does not grant the relief a state inmate seeks, he or she may file a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See id.* If the inmate fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. *See id.* at 181.